UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| NICOLE BOETTGER, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 2:21-cv-00067 |
| COLLECTION ASSOCIATES, LTD., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Nicole Boettger ("Plaintiff"), by and through her undersigned attorneys, complaining of Collection Associates, Ltd. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and for violations of the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of Wisconsin, Defendant conducts business in the Eastern District of Wisconsin, and Defendant maintains significant business contacts in the Eastern District of Wisconsin.

1

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

6. Defendant is a third-party debt collector with its principal office located at 225 South Executive Drive, Suite 250, Brookfield, Wisconsin 53005. Defendant is in the business of collecting or attempting to collect defaulted consumer debts owed to others throughout the country, including in the state of Wisconsin.

## FACTS SUPPORTING CAUSES OF ACTION

7. In October 2019, Plaintiff acquired a high-interest personal loan from Cash for Whatever Wisconsin, LLC ("subject debt").

8. Due to financial hardship, Plaintiff defaulted on the outstanding balance.

9. On February 19, 2020, Plaintiff and Cash for Whatever Wisconsin, LLC settled the subject debt in full and Plaintiff was relieved of all contractual liabilities.

10. Subsequently thereafter, the subject debt was transferred to Defendant for collection, despite Plaintiff settling the subject debt with Cash for Whatever Wisconsin, LLC.

11. Defendant mailed Plaintiff a collection letter dated June 9, 2020, attempting to collect upon the subject debt ("collection letter").

12. Specifically, Defendant's collection letter sought to collect a balance of $2,362.39 despite Plaintiff no longer owing the subject debt.

13. Plaintiff was perplexed and concerned as to why Defendant had mailed her a collection letter 4 months after the subject debt was settled since she did not owe the subject debt at the time Defendant mailed the collection letter.

## DAMAGES

14. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, emotional distress, mental anguish, and anxiety as Plaintiff was led to believe she still owed the subject debt.

15. Concerned about the violations of her rights and Defendant's misrepresentations, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff restates and realleges paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

18. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

19. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

20. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

21. Defendant used credit reporting to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

22. Defendant violated 15 U.S.C. §1692e, e(2), e(10), f, and f(1) through its unlawful debt collection practices.

### a. Violations of FDCPA §1692e

23. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the alleged subject debt. The subject debt was not owed at the time Defendant mailed the collection letter to Plaintiff.

24. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant mailed the collection letter to Plaintiff despite Plaintiff not owing the subject debt, which had previously been settled with the original creditor in February 2020. Defendant knew or should have known that Plaintiff did not have any legal obligation to pay the subject debt, but despite having actual knowledge of the same, Defendant continued to collect the subject debt.

25. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure payment of the subject debt, Defendant led Plaintiff to believe she still owed a debt that she did not truly owe, thus hoping to drive Plaintiff to make yet another payment.

### b. Violations of FDCPA §1692f

26. Defendant violated §1692f by unfairly and unconscionably mailing Plaintiff the collection letter 4 months after the subject debt had been settled in full in hopes of coercing her into paying a debt she did not owe.

27. Defendant violated §1692f(1) by attempting to collect an amount not permitted by law, as the subject debt had already been fully settled at the time Defendant mailed Plaintiff the collection letter.

28. As an experienced debt collector, Defendant knew or should have known the ramifications of using unfair, unconscionable, deceptive, and misleading means to attempt to collect a debt.

**WHEREFORE**, Plaintiff NICOLE BOETTGER respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Defendant is a debt collector as defined pursuant to Wis. Stat. §427.103(3)(h) as it engaged in the collection of the subject debt from Plaintiff personally.

31. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j).

32. Defendant violated §427.104(1)(j) by attempting to collect the subject debt by sending a collection letter to Plaintiff 4 months after she settled the subject debt with the original creditor. Defendant knew or should have known that the debt was settled and that Plaintiff did not owe it at the time that the collection letter was sent.

33. As pled above, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices.

34. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant had more than enough information to know that it should not attempt to collect upon the subject debt, as it had already been settled in February 2020. Upon

information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

**WHEREFORE**, Plaintiff NICOLE BOETTGER respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;
c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: January 14, 2021

Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com